```
                                          RECEIPT #_____
                                          AMOUNT $    150
        UNITED STATES DISTRICT COURT      SUMMONS ISSUED   /
        DISTRICT OF MASSACHUSETTS         LOCAL RULE 4.1_____
                                          WAIVER FORM _____
                                          MCF ISSUED_____
                                          BY DPTY. CLK._____
                                          DATE   3-5-04
```

KEVIN GIBBONS
and JOHN CONTE,
    Plaintiffs,

v.

CHAMPION WINDOW COMPANY
OF BOSTON SOUTH, L.L.C.,
    Defendant.

Civil Action No. 04 CV 10453 RWZ

MAGISTRATE JUDGE _____

## COMPLAINT AND JURY DEMAND

### Preliminary Statement

1. Plaintiffs allege that defendant violated the Fair Labor Standards Act, as amended ("the FLSA"), by not paying overtime to the plaintiffs and by discharging the plaintiffs in retaliation for contacting the U.S. Department of Labor, Wage & Hour Division. Plaintiffs seek reinstatement in employment with back pay, liquidated damages, interest, costs and attorneys' fees.

### Jurisdiction

2. This action arises under the FLSA, 29 U.S.C. Sec. 201 *et seq.*

3. Federal question jurisdiction is invoked pursuant to 28 U.S.C. Sec.1331.

4. A private right of action is provided by 29 U.S.C. Sec. 216(b).

### Venue

5. This action lies in the District of Massachusetts where the events

1

giving rise to these claims occurred pursuant to 28 U.S.C. Sec. 1391(b).

## Parties

6. Plaintiff, Kevin Gibbons ("Gibbons"), is an adult male who resides in Braintree, Norfolk County, Massachusetts.

7. Plaintiff, John Conte ("Conte"), is an adult male who resides in Taunton, Bristol County, Massachusetts.

8. Defendant, Champion Window Company of Boston South, L.L.C. ("Champion"), is a corporation with a principal office at 75 Stockwell Drive, Avon, Norfolk County, Massachusetts.

## Facts

9. At all times material to this action, Champion was an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

10. At all times material to this action, Champion was an enterprise engaged in commerce or in the production of goods for commerce whose annual gross volume of sales or business was not less than $500,000.

11. Gibbons was employed by Champion from November 10, 2001 until February 13, 2004.

12. Conte was employed by Champion from April 20, 2003 until February 13, 2004.

13. Gibbons was paid an hourly wage of $17.50 plus commissions by Champion.

14. Conte was paid an hourly rate of $16.50 plus commissions by

Champion.

15. At all times during their employment, Gibbons and Conte were non-exempt employees eligible to receive overtime pay under the FLSA.

16. During his employment, Gibbons worked in excess of 40 hours in various work weeks, but was not paid overtime (one and one-half times the regular hourly rate) by Champion for hours he worked in excess of 40 per week.

17. During his employment, Conte worked in excess of 40 hours in various work weeks, but was not paid overtime (one and one-half times the regular hourly rate) by Champion for hours he worked in excess of 40 per week.

18. On February 11, 2003, Gibbons and Conte visited the office of the U.S. Department of Labor, Wage & Hour Division in Taunton, Massachusetts and met with Investigator Kimberly MacGregor concerning their pay at Champion.

19. On the morning of February 13, 2004, Conte and Gibbons reported to work at the Champion office in Avon where Conte had a conversation about his pay with Joseph Lopes ("Lopes"), the manager, and George McGrady ("McGrady"), the assistant manager.

20. During the conversation with Lopes and McGrady, Conte stated he had contacted the Department of Labor about his pay, at which point McGrady told Conte he was terminated from employment.

21. After Conte's conversation with Lopes and McGrady, Lopes approached Gibbons and asked whether Gibbons had also contacted the Department of Labor. When Gibbons replied in the affirmative, Lopes told Gibbons he was terminated from employment.

## COUNT I

(Violations of the FLSA – Overtime Pay)

22. Gibbons and Conte hereby incorporate, as if re-alleged, paragraphs 1 through 21 above.

23. By failing to pay overtime to Gibbons for hours he worked in excess of 40 per week, Champion violated the FLSA. [29 U.S.C. Sec. 207(a)(1)]

24. By failing to pay overtime to Conte for hours he worked in excess of 40 per week, Champion violated the FLSA. [29 U.S.C. Sec. 207(a)(1)]

## COUNT II

(Violations of the FLSA – Retaliatory Discharges)

25. Gibbons and Conte hereby incorporate, as if re-alleged, paragraphs 1 through 24 above.

26. By discharging Gibbons from employment in retaliation for contacting the U.S. Department of Labor, Wage & Hour Division, Champion violated the FLSA. [29 U.S.C. Sec. 216(b)]

27. By discharging Conte from employment in retaliation for contacting the U.S. Department of Labor, Wage & Hour Division, Champion violated the FLSA. [29 U.S.C. Sec. 216(b)]

### Prayer For Relief

Wherefore, Plaintiffs pray that this Court:

(a) declare that Champion has violated the FLSA;

(b) award the plaintiffs back pay with interest;

(c) award the plaintiffs liquidated damages;

(d) order Champion to reinstate the plaintiffs in employment;

(e) award the plaintiffs their costs and attorney's fees;

(f) grant such other relief as the Court may deem proper.

### Jury Demand

Plaintiffs demand a jury to try all claims triable by a jury.

Respectfully submitted,

KEVIN GIBBONS and JOHN CONTE

By their attorney,

*/s/ Kevin B. Callanan*
Kevin B. Callanan, BBO #070620
Law Office of Kevin B. Callanan
17 Accord Park Drive, Suite 101
Norwell, Massachusetts 02061
781-878-1604

Dated: March 5, 2004