UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 APR -1 P 2: 44

DISTRICT COURT
DISTRICT OF MASS.

KEVIN GIBBONS
and JOHN CONTE,

      Plaintiffs,

v.

CHAMPION WINDOW COMPANY
OF BOSTON SOUTH, LLC,

      Defendant.

Civil Action No. 04CV10453RWZ

## ANSWER OF DEFENDANT CHAMPION WINDOW COMPANY OF BOSTON SOUTH, LLC

Defendant Champion Window Company of Boston South, LLC ("Champion") answers the numbered paragraphs of plaintiffs' Amended Complaint (the "Complaint") as follows:

### Preliminary Statement

1. With respect to the allegations contained in the introductory paragraph of the Complaint, Champion denies that it has violated the Fair Labor Standards Act, as amended ("FLSA"), by not paying minimum wage and overtime to the plaintiffs and by discharging the plaintiffs in retaliation for contacting U.S. Department of Labor, Wage & Hour Division. Champion is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 1 of the Complaint.

### Jurisdiction

2. Paragraph No. 2 states conclusions of law and requires no response. To the extent that an answer is required, Champion is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 of the Complaint.

3. Paragraph No. 3 states conclusions of law and requires no response. To the extent that an answer is required, Champion is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 of the Complaint.

4. Paragraph No. 4 states conclusions of law and requires no response. To the extent that an answer is required, Champion is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 of the Complaint.

### Venue

5. Paragraph No. 5 states conclusions of law and requires no response. To the extent that an answer is required, Champion is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 of the Complaint.

### Parties

6. Champion is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 of the Complaint.

7. Champion is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7 of the Complaint.

8. Champion denies that it is a corporation. Champion admits the remaining allegations contained in Paragraph No. 8 of the Complaint.

### Facts

9. Champion admits that it was an employer engaged in commerce or in the production of goods for commerce. Champion is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 9 of the Complaint.

10. Champion admits that its annual gross volumes of sales or business was not less than $500,000. Champion is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 10 of the Complaint.

11. Champion admits that Gibbons was employed by Champion until February 13, 2004. Champion denies the remaining allegations contained in Paragraph No. 11 of the Complaint.

12. Champion admits that Conte was employed by Champion until February 13, 2004. Champion denies the remaining allegations contained in Paragraph No. 12 of the Complaint.

13. Champion denies the allegations contained in Paragraph No. 13 of the Complaint.

14. Champion denies the allegations contained in Paragraph No. 14 of the Complaint.

15. Champion denies the allegations contained in Paragraph No. 15 of the Complaint.

16. Champion denies the allegations contained in Paragraph No. 16 of the Complaint.

17. Champion admits that Gibbons worked in excess of 40 hours in various work weeks. Champion denies the remaining allegations contained in Paragraph No. 17 of the Complaint.

18. Champion admits that Conte worked in excess of 40 hours in various work weeks. Champion denies the remaining allegations contained in Paragraph No. 18 of the Complaint.

19. Champion is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 19 of the Complaint.

20. Champion admits that on the morning of February 13, 2004, Conte and Gibbons reported to work at the Champion office in Avon where both Conte and Gibbons had a conversation with Joseph Lopes and George McGrady. Champion denies the remaining allegations contained in Paragraph No. 20 of the Complaint.

21. Champion admits that Conte was terminated from employment. Champion denies the remaining allegations contained in Paragraph No. 21 of the Complaint.

22. Champion denies the allegations contained in Paragraph No. 22 of the Complaint.

## Count I

23. Champion realleges and incorporates by reference its answers to the allegations contained in Paragraph Nos. 1 through 22 above.

24. Champion denies the allegations contained in Paragraph No. 24 of the Complaint.

## Count II

25. Champion realleges and incorporates by reference its answers to the allegations contained in Paragraph Nos. 1 through 24 above.

26. Champion denies the allegations contained in Paragraph No. 26 of the Complaint.

27. Champion denies the allegations contained in Paragraph No. 27 of the Complaint.

## Count III

28. Champion realleges and incorporates by reference its answers to the allegations contained in Paragraph Nos. 1 through 27 above.

29. Champion denies the allegations contained in Paragraph No. 29 of the Complaint.

30. Champion denies the allegations contained in Paragraph No. 30 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs were determined to be exempt by the U.S. Department of Labor, Wage & Hour Division, under 29 U.S.C. §213(b)(1).

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred on the ground of estoppel.

FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred under the doctrines of *in pari delicto* and unclean hands.

THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

WHEREFORE, Champion requests:

1. That this Court dismiss the Complaint against it;

2. That this Court award it damages, including interest, costs and reasonable attorneys' fees; and

3. That this Court grant it such other and further relief as may be just.

CHAMPION WINDOW COMPANY
OF BOSTON SOUTH, LLC

By its attorney,

Adam J. Brodsky (BBO #548018)
72 Sharp Street, Unit A9
Hingham, MA 02043
(781) 340-6900

Dated: March 31, 2004

ChampionConteGibbonsAnswer.doc

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of the above document to be served by first-class mail, postage prepaid, on March 31, 2004, upon the attorney of record for each other party.

_____
Adam J. Brodsky