UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KEVIN GIBBONS<br>and JOHN CONTE,<br><br>        Plaintiffs,<br><br>v.<br><br>CHAMPION WINDOW COMPANY<br>OF BOSTON SOUTH, LLC,<br><br>        Defendant. | Civil Action No. 04CV10453RWZ |

## JOINT PRETRIAL MEMORANDUM

The parties hereby, pursuant to Local Rule 16.5 of the Local Rules of the United States District Court for the District of Massachusetts, submit their Joint Pretrial Memorandum.

### 1. Summary of Evidence

Plaintiff's Summary

Plaintiffs, Kevin Gibbons ("Gibbons") and John Conte ("Conte") worked together as a team for Champion Windows Company of Boston South, LLC ("Champion") as patio room installers. They were paid by commission and an hourly rate.

On February 12, 2004, Gibbons and Conte visited the U.S. Department of Labor ("USDOL") office in Taunton, Massachusetts. They met with Investigator Joan M. Daly ("Daly") and claimed they were not being paid the minimum wage during certain weeks.

After the meeting, Daly phoned Linda Rosenfield ("Rosenfield") the office manager at Champion where Daly had recently completed an investigation under the Fair Labor Standards Act. ("FLSA") Daly reminded Rosenfield that piece-rated employees must receive at least the minimum wage for all hours worked each week.

On February 13, 2004 at about 7:30 a.m., Gibbons and Conte reported for work at Champion. They were called into the office of George McGrady ("McGrady"), Assistant Manager of Patio Rooms. McGrady had questions about unfinished work projects. Conte had questions about his pay and the minimum wage. An argument ensued during which Conte stated that he knew he was right about the minimum wage because he had visited the USDOL office on the previous day. At this point McGrady discharged Conte stating that Champion had just been through a USDOL investigation and was not going to go through this again.

Conte and Gibbons proceeded to the parking area to unload Conte's company truck. Gibbons was approached by Joseph Lopes ("Lopes") Manager of Patio Rooms. Lopes asked Gibbons whether he too had gone to the USDL office with Conte. When Gibbons replied that he had, Lopes informed him that he was also terminated. Later that day, Rosenfield phoned Daly at the USDOL with questions about preparing final pay checks. Rosenfield told Daly that two employees had been terminated that morning during "a ruckus with their supervisor".

Gibbons denies that he resigned his employment. Gibbons and Conte claim that they were terminated by Champion in retaliation for contacting the USDOL with complaints about the minimum wage.

Defendant's Summary

Defendant Champion Window Company of Boston South, LLC ("Champion") is in the business of installing replacement windows, vinyl siding and patio rooms. Champion hired Mr. Gibbons and Mr. Conte as patio room installers. Mr. Gibbons and Mr. Conte worked together as a crew installing patio rooms. Mr. Gibbons and Mr. Conte were paid on an hourly basis and also on a commission basis referred to as the par system. They were paid a certain percentage of the value of each patio room job they worked on. Additionally, they were paid on an hourly basis

for any additional work they performed for Champion unrelated to the installation of patio rooms such as unloading trucks.

On February 13, 2004, Champion's patio room department manager, Joseph Lopes, and patio room department assistant manager, George McGrady, spoke with Mr. Gibbons and Mr. Conte regarding warranty work which Mr. Gibbons and Mr. Conte failed to complete on several projects.  During the course of the discussion, Mr. Gibbons and Mr. Conte told Mr. Lopes and Mr. McGrady that they refused to perform the warranty work.  After further discussions, Mr. Conte began using profanity and yelling and was very confrontational at which point Mr. McGrady terminated Mr. Conte.  Champion did not terminate Mr. Gibbons.

Mr. McGrady escorted Mr. Conte into the parking lot at Champion in order to retrieve Mr. Conte's keys to his company work truck.  Mr. Gibbons assisted Mr. Conte in removing Mr. Conte's things from the company work truck..  Mr. Gibbons also spoke with Mr. Lopes again asking why he was not fired since he felt the same way as Mr. Conte.  Mr. Lopes advised Mr. Gibbons that he was not being terminated and that he should return to work.  Mr. Gibbons then told Mr. Lopes that he could no longer work at Champion and he resigned his position.

Champion denies that Mr. Gibbons was terminated.  Champion also denies that Mr. Conte was terminated in retaliation for apparently filing a complaint against Champion with the U.S. Department of Labor.  First, Champion was unaware that Mr. Gibbons and Mr. Conte had filed a complaint with the DOL.  While Mr. Conte told Mr. Lopes and Mr. McGrady during their argument that Champion would hear from the Labor Board, neither Mr. Gibbons nor Mr. Conte told Champion that they had apparently visited the DOL a day or two earlier and filed a complaint. Second, and more importantly, Champion had already been investigated by the DOL regarding alleged wage and overtime violations under the Federal Fair Labor Standards Act.  In

3

January 2004, Champion had been advised by the DOL that there were no violations regarding the patio room installers. The DOL did identify several minor problems in other departments which primarily dealt with payment of overtime to certain managers. However, the DOL did not find any violations with respect to the patio room installers, which included, Mr. Gibbons and Mr. Conte, and there was no reason for Champion to retaliate in any fashion against them.

Moreover, Champion denies that it has failed to pay the minimum wage to Mr. Gibbons and Mr. Conte and Champion was not required to pay them overtime.

### 2. Facts Established by Pleadings or Stipulation

The parties are willing to stipulate to the following facts:

1. Mr. Gibbons was hired by Champion on November 29, 2001.
2. Mr. Conte was hired by Champion on April 21, 2003.
3. Champion employed Mr. Gibbons and Mr. Conte as patio room installers.
4. Champion terminated Mr. Conte on February 13, 2004.
5. Mr. Gibbons last day of employment with Champion was February 13, 2004.

### 3. Contested Issues of Fact

1. Whether Mr. Gibbons was terminated or resigned voluntarily from his position?
2. Whether Champion terminated Mr. Conte in retaliation for contacting the DOL with complaints about the minimum wage.
3. If Mr. Gibbons was terminated, did Champion terminate Mr. Gibbons in retaliation for contacting the DOL with complaints about the minimum wage?
4. Whether Champion failed to pay either Mr. Gibbons or Mr. Conte the Federal minimum wage?

4

### 4. Jurisdictional Questions

There are no jurisdictional questions in this case.

### 5. Questions Raised by Pending Motions

There are no pending motions in this case.

### 6. Issues of Law

1. Whether Champion violated the Fair Labor Standards Act by retaliating against the plaintiffs for contacting the DOL with complaints about the minimum wage.
2. Whether the August 13, 2004 decision by the Massachusetts Division of Employment and Training is admissible in evidence and establishes that Mr. Gibbons voluntarily resigned from job with Champion.

### 7. Requested Amendments to Pleadings

The parties have stipulated that Count II, alleging overtime violations, has been voluntarily dismissed with prejudice.

### 8. Additional Matters

The Plaintiffs are seeking to depose Investigator Joan Daly of the DOL. The DOL has refused to produce Ms. Daly. John Casler, Deputy Regional Solicitor of the DOL in Boston has requested permission from the DOL in Washington for Ms. Daly to appear for deposition on written interrogatories. The Plaintiffs are awaiting a response from Washington. Additionally, the Plaintiffs owe additional discovery responses to Champion, including responses to document requests and answers to interrogatories. Additionally, Champion has requested that the Plaintiffs supplement their answers to interrogatories to identify with particularity the damages which they are seeking in this action.

## 9. Witnesses

Plaintiff's Witnesses

Kevin Gibbons
300 Quincy Avenue
Braintree, MA 02189

John Conte
57 Lakeview Place
Taunton, AM 02780

Joan M. Daly, Investigator
U.S. Department of Labor
Wage and Hour Division
17 Broadway, RM 308
Taunton, AM 02780

Linda Rosenfield
75 Stockwell Drive, Unit 7
Avon, MA 02322

Defendant's Witnesses

Dwayne Draggoo, President
75 Stockwell Drive, Unit 7
Avon, MA 02322

Joseph Lopes, Manager Patio Rooms
75 Stockwell Drive, Unit 7
Avon, MA 02322

George McGrady, Asst. Mgr. Patio Rooms
75 Stockwell Drive, Unit 7
Avon, MA 02322

Linda Rosenfield, Office Manager
75 Stockwell Drive, Unit 7
Avon, MA 02322

Joan M. Daly, Investigator
U.S. Department of Labor
Wage and Hour Division
17 Broadway, RM 308
Taunton, AM 02780

## 10. Exhibits

Plaintiff's Exhibits

1. Joan M. Daly memorandum (one page, undated).

2. January 29, 2004 letter to Dwayne Dragoo from USDOL

3. Plaintiff's Payroll Records.

Defendant's Exhibits

1.  Plaintiff's Payroll Records

2.  January 29, 2004 letter to Dwayne Draggoo from USDOL

3.  USDOL Memorandum Regarding Investigation Results (4 pages)

4.  DET decision dated August 13, 2004

## 11. Evidentiary Positions

Plaintiffs

The plaintiffs contend that the decision of the Massachusetts Division of Employment and Training is not admissible in evidence pursuant to Mass. Gen. Laws, c. 151A, Section 46. See also, *Tuper v. North Adams Ambulance Service, Inc.*, 428 Mass.132 (1998).

Defendant

Champion asserts that the Tuper decision is distinguishable because it addressed the offensive use of the doctrine of collateral estoppel with respect to DET findings. Champion relies on Commissioner of the Department of Employment and Training v. Dugan, 428 Mass. 138 (1998), which allowed for the defensive use of collateral estoppel. Collateral estoppel may be applied defensively here because (1) there was a final judgment on the merits in the prior DET adjudication, (2) the party against whom estoppel is asserted (Mr. Gibbons) was a party to

the prior adjudication, and (3) the issue in the prior adjudication is identical to the issue in the current adjudication. Moreover, the DET matter was strenuously litigated with two days of hearing, parties represented by counsel, multiple witnesses and vigorous cross-examination. Lastly, Mr. Gibbons waived any claim to confidentiality under G.L. c. 151A, §46, by bringing this action.

KEVIN GIBBONS and JOHN CONTE

By their attorney,

*/s/ Kevin B. Callanan*
Kevin B. Callanan (BBO # 070620)
Law Office of Kevin B. Callanan
17 Accord Park Drive, Suite 101
Norwell, MA 02061
781-878-1604

CHAMPION WINDOW COMPANY
OF BOSTON SOUTH, LCC

By its attorney,

*/s/ Adam J. Brodsky (BY KBC)*
Adam J. Brodsky (BBO # 548018)
72 Sharp Street, Unit A9
Hingham, MA 02043
781-340-6900

Date: January 11, 2005
ChampionConteGibbonsJointPretrialMemo.doc

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served by first-class mail, postage prepaid, on January 11, 2005, upon the attorney of record for each other party.

*/s/ Kevin B. Callanan*
Kevin B. Callanan

8